**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MYRTLE LYNN PREWITT**                                                    **PLAINTIFF**

**V.**                                                              **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                           **DEFENDANT**

## ORDER

This cause comes before the court on Myrtle Prewitt's appeal [72] of Magistrate Judge Davis' Order of June 20, 2008.

Judge Davis' order (1) limited production of records requested to those of the exempt employees of the Forest Products Division; (2) limited the Rule 30(b)(6) deposition of the defendant to wage and salary disputes based on gender in the Division of Agriculture, complaints of racial discrimination, how promotions are determined for women and minority groups, the compensation, qualifications, and job duties of David Strobel, Linda McFarland, and Janice Smathers, and information on the number of women and minority group members on tenure-track in the Division of Agriculture; (3) granted the defendant's motion to compel discovery related to medical treatment to the exent that plaintiff claims she incurred medical bills or sought treatment for emotional distress; (4) allowed plaintiff to seek the advice of her attorney brother, but prevented him from participating in depositions without entering an appearance; and (5) extended the discovery deadline til July 12, 2008.

Prewitt objects to the ruling (1) related to the production of any medical records in support of her claim for emotional distress; (2) limiting the scope of her 30(b)(6) deposition of Mississippi State University ("MSU"); (3) restricting the scope of her second request for

production of documents; (4) requiring that any attorney appearing on behalf of Prewitt in depositions enter an appearance in the case; and, (5) granting the stay of MSU's 30(b)(6) deposition pending a ruling on the motion for a protective order. Additionally Prewitt seeks an extension of the discovery deadline.

## Standard of Review

On appeal from a ruling by the Magistrate Judge, this court will grant relief only if the opposing party shows the decision was clearly erroneous or contrary to the law. Fed. R. Civ. P. 72(a)

## Medical Treatment

Prewitt has stated a claim seeking damages for emotional distress. Based on this claim MSU sought records of any treatment Prewitt had received because of wrongful acts of MSU. Additionally, they sought information about any medical treatment for mental anxiety and stress during Prewitt's deposition. Judge Davis ordered that Prewitt must disclose any medical treatment sought for wrongs by MSU. Prewitt argues that information is protected by psychotherapist-patient privilege.

This court agrees that federal courts recognize the psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). However, Prewitt has waived that privilege in this matter. By seeking damages related to her emotional stress, she has put her mental condition in controversy. *See Owens v. Sprint/United Management Co.*, 221 F.R.D. 657, 659-60 (D. Kan. 2004). Inquiry into Prewitt's medical treatment is proper. MSU urges the court to expand the Magistrate Judge's limitations. That request is well taken. The decision of the Magistrate Judge is reversed and rendered. Prewitt is ordered to respond to questions related to any medical treatment she obtained for mental anxiety or stress or treatment sought because of the wrongful

acts of MSU.

## Scope of Rule 30(b)(6) Deposition of MSU

Federal Rule of Civil Procedure 26(c)(1)(D) gives courts the power to issue a protective order "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." In exercising this power the Magistrate Judge first limited the deposition information as to wage and salary disputes based on gender or racial discrimination and how promotions are determined for women and minority groups to the Division of Agriculture.

The Magistrate Judge was correct in limiting the scope of the deposition. Prewitt's initial request was overbroad and impossible to comply with. However, Prewitt does have the right to discover this information as it relates to other employees that are similiarly situated. Prewitt's appeal of this issue is granted in part. Instead of being limited to the Division of Agriculture, these inquiries shall be limited to similarly situated employees. Prewitt may inquire into wage and salary disputes based on gender, racial discrimination, and how promotions are determined for women and minority groups for employees in any division but only to the extent that they serve as research assistants, non-tenured faculty, or are otherwise similarly situated to Prewitt.

Prewitt also raises the issue of overall employment statistics. This information may well lead to evidence admissible to prove her claims. *See Walter v. Lone Star Gas Co.*, 977 F.2d 161, 162 (5th Cir. 1992). The court agrees with the Magistrate Judge that this information is not properly sought in a Rule 30(b)(6) deposition. It would simply be impossible to find anyone that could testify to the totality of the information sought. However, Prewitt is entitled to a statistical analysis based on gender and race of employment disparities among MSU employees. The court finds it would be overly burdensome for MSU to produce every document relating to every employee in their system. Federal Rule of Civil Procedure 33(d) allows a party to respond to an

interrogatory by summarizing business records.  Prewitt may request such information through an interrogatory.  MSU may then respond by summarizing the requested information.  The Magistrate Judge's ruling is affirmed as it relates to questioning MSU in reference to all employment statistics.

The Magistrate Judge also excluded questions about Dean Thompson's 1999 memo related to race and gender in employment.  While the two sides fail to agree on the contents of the memo, they do not dispute its existence or relevance.  MSU agreed to have their representative questioned about the memo, but simply objected to Prewitt's classification of its contents.  Therefore, the Magistrate Judge erred in excluding the memo from the deposition.  The proper time to dispute the memo's content is at trial.  The Magistrate Judge's ruling excluding the memo from the deposition is reversed and rendered.

The Magistrate Judge next limited the inquiries into information about Strobel, McFarland, and Smathers to their compensation, qualifications, and job duties.  This limitation is reasonable.  Prewitt makes no argument as to why she needs information broader than that allowed by the Magistrate Judge.  That portion of the Magistrate Judge's ruling is affirmed.

Finally, the Magistrate Judge limited deposition inquiry in regards to the number of women and minority group members on tenure-track to the Division of Agriculture.  Prewitt is not a tenure track professor, but the advancement of other women or minorities may lead to admissible evidence.  Prewitt does not appear to object to limiting this inquiry to the Division of Agriculture.  The Magistrate Judge's decision on this point is affirmed.  However, as discussed above Prewitt is entitled to request a statistical analysis of all employment statistics.

## Second Request for Production of Documents

Prewitt next objects to the Magistrate Judge's ruling that MSU only be required to turn

over employment records for exempt employees in the Forest Products Divison. Prewitt requests the court allow her access to all employee records in the Forest Products Division.

As discussed above, Prewitt is entitled to a statistical analysis of all MSU employees. Prewitt has never held a non-exempt position. She offers no argument as to how non-exempt employees are similiarly situated to her. Thus the court sees no reason to expand the Magistrate Judge's rulings. The ruling limiting the second request for production of documents is affirmed.

## Attorney Appearance

Prewitt's appeal of the Magistrate Judge's decision requiring her attorney brother to make an appearance before the court before participating in a deposition is addressed in this court's order of September, 10, 2008. Prewitt's appeal of the Magistrate Judge's decision is moot.

## Extension of Discovery Deadline

Finally, Prewitt requests the discovery deadline be extended. The deadline was extended in the court's order of September 10, 2008. This request is moot.

## Conclusion

1. Prewitt is ordered to respond to questions related to any medical treatment she obtained for mental anxiety or stress.

2. The Rule 30(b)(6) deposition of MSU is limited to inquiry into wage and salary disputes based on gender, racial discrimination, and how promotions are determined for women and minority groups for employees in any division but only to the extent that they serve as research assistants, non-tenured faculty, or are otherwise similarly situated to Prewitt, Dean Thompson's 1999 memo, the compensation, qualifications, and job duties of David Strobel, Linda McFarland, and Janice Smathers, and the number of women and minority group members on tenure-track to the Division of Agriculture.

3. MSU shall produce the documents requested only to the extent that they cover exempt employees of the Forest Products Division.

4. Prewitt's appeal of the Magistrate Judge's decisions regarding the conduct of her attorney brother and the discovery deadline are moot.

The ruling of the Magistrate Judge is AFFIRMED in part and REVERSED and RENDERED in part.

This the 11th day of September, 2008

/s/ MICHAEL P. MILLS
**CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI**