# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                          **PLAINTIFF**

**V.**                                                     **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                **DEFENDANT**

## ORDER

This cause comes before the court on Myrtle Prewitt's Appeal [80] of the Magistrate Judge's Protective Order filed on July 15, 2008.

The order states Mississippi State University ("MSU") may be required to produce payroll information and other employment related documents. The order required all information produced be held confidential and used only for the purposes of this litigation. Furthermore, the order notes that the Defendant may redact social security numbers and medical information.

The Plaintiff argues the Magistrate erred by (1) not requiring Mississippi State to show good cause; (2) failing to allow Prewitt to respond to the motion; and (3) violating her First Amendment rights.

### Standard of Review

On appeal from a ruling by the Magistrate Judge, this court will grant relief only if the opposing party shows the decision was clearly erroneous or contrary to the law. Fed. R. Civ. P. 72(a).

### Analysis

Prewitt's argument that Mississippi State was not required to show good cause is without merit. The burden is on the movant to show good cause before a protective order is issued. Fed.

R. Civ. P. 26(c).  The good cause shown is apparent from the face of the motion for a protective order.  The order allows Prewitt to gain access to the records she needs to prosecute this action while maintaining the integrity of confidential information.  Preventing the disclosure of social security numbers and medical information which is irrelevant to this matter is good cause.  Preventing a party from exposing confidential employment information to individuals outside the scope of the suit is good cause.

The court notes that Mississippi State did not comply with local rule 5.3.  When a party requests a protective order, the documents sought to be protected should be submitted to the court simultaneously with the motion.  That was not done in this instance.  However, the description of the documents is sufficient for the court to make a ruling.  The noncompliance did not affect the court's ability to rule.  Additionally, the documents in question have already been turned over to Prewitt.  Prewitt has not objected that any of the specific information contained in those documents would require a different decision.  As such this procedural error is harmless.

Next, Prewitt argues the protective order allows MSU to decide what information and documents to disclose.  The protective order does not give MSU this power.  It requires MSU to turn over all requested documents.  The protective order simply requires that the information turned over be used only for the purposes of this litigation.  The only information the defendant may redact are social security numbers and medical information.  This is clearly personal information which should be protected.  Prewitt has offered no reason and the court can see none as to how this information would be relevant to the present suit.  This argument is without merit.

Prewitt next argues that she did not have the opportunity to respond to MSU's motion.  This was in error.  However, Prewitt makes no legitimate argument as to how that error prejudiced her.  She had an opportunity to raise any of the omitted arguments in this appeal.

None of the arguments she raises here would have changed the ruling of the Magistrate Judge. Therefore the error in not allowing her to respond to the motion is harmless.

Finally, Prewitt argues that the protective order violates her First Amendment rights. The Supreme Court has held "that where . . . a protective order is entered on a showing of good cause . . ., is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 37 (1984). As discussed above the protective order was issued for good cause. It is limited to information gained during pretrial discovery and makes no mention of restrictions on information gained from other sources. As such the protective order does not violate the First Amendment.

The decision of the Magistrate Judge is AFFIRMED.

This the 19th day of September, 2008

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**