# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                     **PLAINTIFF**

**V.**                                           **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                   **DEFENDANT**

## ORDER

This cause comes before the court on the motions in limine [83, 85, 91, 93] of the defendant, Mississippi State University ("MSU"), seeking to exclude testimony related to punishment of the defendant; a document petition supporting the plaintiff, Myrtle Lynn Prewitt, and the testimony of the individuals who signed that document; undisclosed expert opinion testimony; and testimony related to settlement discussions.

MSU seeks to exclude testimony related to punishment of the defendant. Prewitt's amended complaint does not seek punitive damages. Additionally, Prewitt's answers to interrogatories state that she is not seeking punitive damages. As such any testimony related to the punishment of MSU is irrelevant pursuant to Federal Rule of Evidence 401 and is excluded.

MSU next seeks to exclude a petition signed by six faculty members in support of Prewitt's claims. The document attached as exhibit A is inadmissible hearsay under Federal Rule of Evidence 802 and is excluded.

The court lacks sufficient information to determine if the petition's signers' testimony should be excluded. MSU argues their testimony would be conclusory and irrelevant. However, the exact proof offered by the six individuals is unclear. This issue is not ripe for a decision and is best handled at trial.

The third motion by MSU seeks to exclude undisclosed expert testimony.  The court will bar undisclosed expert testimony as it is prohibited by Federal Rule of Civil Procedure 26(a)(2).  However, the court wishes to make clear to the parties that motions in limine "are to be used to raise matters which require particular attention by the court prior to trial, due to the complexity of the legal issues involved or the possibility that the mention of the evidence at trial would prejudice the jury."  *Jordan v. Ivy*, 2007 WL 1071402, at *1 (N.D. Miss. April 4, 2007).  This motion does not fit in that rubric, but is instead simply a restatement of a clear procedural rule.

Finally, MSU seeks to exclude testimony related to settlement discussions.  Like the previously handled motion this request simply states a Rule of Evidence instead of raising a matter requiring particular attention.  Federal Rule of Evidence 408 prohibits the introduction of such settlement discussion evidence and this court will enforce that rule.

MSU's motions in limine seeking to exclude testimony related to punishment of the defendant, a document petition supporting the plaintiff and the testimony of the individuals who signed that document, undisclosed expert opinion testimony, and testimony related to settlement discussions are GRANTED IN PART.  The court RESERVES RULING IN PART.

This the 2nd day of December, 2008.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**