**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MYRTLE LYNN PREWITT**                                                             **PLAINTIFF**

**V.**                                                                               **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                   **DEFENDANT**

## ORDER

This cause comes before the court on the motion [129] of the defendant, Mississippi State University ("MSU"), to strike plaintiff's second response to MSU's first motion for partial summary judgment.

MSU initially filed a motion for partial summary judgment on July 21, 2008. The plaintiff, Myrtle Lynn Prewitt, responded to that motion on August 25, 2008. At that time Prewitt was a *pro se* plaintiff. MSU replied to that response on September 10, 2008. On October 1, 2008, Prewitt hired an attorney to represent her. Prewitt's new counsel responded to the original motion on October 20, 2008.

MSU seeks to strike the October 20 filing on two grounds that: (1) it is untimely; and, (2) it contains information not presented during discovery.

The response is clearly untimely. However, nothing in this case has been timely. The parties have received numerous extensions on filing and discovery deadlines. There are currently eleven outstanding motions in this matter. Prewitt's third attorney is involved after having worked through a period where she represented herself. MSU requested and was allowed additional time to file a second motion for partial summary judgment. Looking at all these developments, the court sees no reason to now begin striking filings as untimely.

Instead the court finds the interests of justice require allowing this untimely filing. This allows Prewitt's new counsel the opportunity to weigh in as the court seeks to find the correct answer to the questions before it.

The court is, however, persuaded that Prewitt's failure to produce documents relied on for the second response to the motion requires those documents to be stricken. Prewitt was represented by counsel during the initial discovery phase of this case. Prewitt and her counsel were obligated to turn over these documents as part of their initial disclosures. As such it would be unfair to allow these documents to appear for the first time at this late stage. The court will strike Exhibit A attached to the second response and any argument based on that attachment. The court will allow the rest of the response to stand. MSU is granted ten days to reply to Prewitt's second response.

Defendant's motion to strike is GRANTED IN PART and DENIED IN PART.

This the 2nd day of December, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**