# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

---

**MYRTLE LYNN PREWITT**                                    **PLAINTIFF**

**V.**                                    **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                    **DEFENDANT**

---

## ORDER

This cause comes before the court on the motion [76] of the defendant, Mississippi State University ("MSU"), seeking partial summary judgment.

The plaintiff, Myrtle Lynn Prewitt, filed the instant suit on December 13, 2006. She is bringing claims under the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and Title IX. MSU argues Prewitt's Equal Pay Act and Title VII claims are barred at least in part by the statute of limitations and her Title IX claim is preempted by Title VII.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the

jury is not required to believe.  *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

The statute of limitations for claims under the Equal Pay Act is two years from the date the cause arose, unless a willful violation of the statute can be shown to exist.  29 U.S.C. § 255(a); *Ford v. Sharp*, 758 F.2d 1018, 1023 (5th Cir. 1985).  A willful violation can be shown if there is a reckless disregard for whether an employer's conduct was prohibited by the Equal Pay Act.  *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994).

Prewitt's counsel concedes some of her Equal Pay Act claims are barred by the statute of limitations.  However, he makes no argument as to whether the violations were willful.  A *pro se* brief filed by Prewitt does assert facts that could show MSU was aware of its alleged violations of the Act.  Prewitt attaches a letter from George M. Hopper, Dean of the College of Forest Resources, which in the light most favorable to Prewitt indicates he is aware of salary inequities.  Additionally, she attaches a 1999 memorandum from Interim Dean Warren S. Thompson which implies there are salary inequities for female and minority staff members.  These two documents could indicate MSU was aware of salary inequities and continued to pay employees with a reckless disregard for whether they were in compliance with the Equal Pay Act.

Thus the three year statute of limitations should apply in this case.  All Prewitt's claims under the Equal Pay Act prior to December 13, 2003 are barred by that statute.

MSU next argues Prewitt can not establish any act of discrimination under Title VII within the applicable limitations period.  Title VII requires an employee to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of a discriminatory act.  42 U.S.C. § 2000e-5(e)(1).  Prewitt proceeds under two separate Title VII theories.  She argues she was a victim of salary disparity and that MSU created a hostile

work environment.

Under her first theory, Prewitt alleges she was the victim of salary disparity because she was paid less than her counterparts based on either gender or racial discrimination. The last discriminatory act under this theory took place in July 2005 when MSU set Prewitt's pay rate. For the purposes of this motion, the parties agree that act took place no later than July 15, 2005. Prewitt claims she filed her EEOC complaint on either November 17, 2005 or January 11, 2006. However, the court has separately stricken all evidence of any contact Prewitt had with the EEOC prior to February 2006 because of her failure to produce that information during discovery. Instead the court has before it only evidence of a claim being filed on February 7, 2006. This February date controls. As February 7, 2006 is more than 180 days after July 15, 2005, Prewitt's claim under Title VII for salary disparity is barred by her failure to act within the limitations period.

However, Prewitt's claim of a hostile work environment operates differently under the 180 day limitation period. Under a hostile work environment theory the limitations period begins anew with each new component act. *Alvarado v. Shipley Donut Flour & Supply Co., Inc.*, 526 F. Supp.2d 746, 755-56 (S.D. Tex. 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)). Prewitt points to the September 19, 2005 memorandum by her Department Head, Dr. Liam E. Leightley, which indicates minorities may have been subject to treatment different than their counterparts. Further she submits an October 4, 2005 letter admitting to problems with equity among employees across MSU. Immediately following her receipt of this information, Prewitt was made aware funding for her position might not be in place for the next year. All of these events occurred within the 180 day limitations period. As such Prewitt's

hostile work environment claim is timely.

Under Title VII, Prewitt may proceed with her hostile work environment claim, but her salary disparity claim is barred by the limitations period. Prewitt briefly mentions a retaliation claim in her response to the instant motion. That claim was not included in her EEOC charge or complaint. As such it too is barred.

MSU did not address the substantive merits of Prewitt's hostile work environment claim in its motion. Once Prewitt raised that claim in her response to the motion, MSU did address its substantive merits. MSU argues the claim is procedurally barred for failure to include it in the complaint. Further they argue Prewitt can not make a *prima facie* case for a hostile work environment claim.

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of a claim. Subsection (e) of the Rule requires courts to construe pleadings "so as to do justice." Federal Rule of Civil Procedure 10(c) states exhibits are incorporated into pleadings. Under these Rules, courts construe pleadings liberally. Prewitt's complaint does not specifically mention a hostile work environment claim. The complaint, however, does bring a Title VII claim. Additionally, Exhibit A to the complaint explicitly mentions a hostile work environment claim. The pleadings in this matter put MSU on notice that Prewitt was bringing a hostile work environment claim. Because MSU should have known Prewitt was bringing this claim she can proceed.

MSU argues that even if Prewitt has properly plead such a claim she can not make out a *prima facie* case. "To prevail on a hostile work environment claim, [a plaintiff] must prove that: 1) they belong to a protected group; 2) they were subjected to unwelcome harassment; 3) the

4

harassment complained of was based on [protected status]; and 4) the harassment affected a term, condition, or privilege of employment." *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003) (citing *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999)). This *prima facie* case is part of the *McDonnell Douglas* framework and is inapplicable when there is direct evidence of discriminatory motive. *Id.*

Rarely do cases in this court present direct evidence of a discriminatory motive. However, Prewitt presents an October 4, 2005 letter, which taken in the light most favorable to her, is an admission by MSU that minority employees were paid less than their counterparts. Further the April 8, 1999 Warren Thompson memorandum asks MSU department heads to "[i]dentify any female or minority faculty or staff member in your budget whose performance is at least average but whose salary/wage rate is below average." Taken in the light most favorable to Prewitt, this too can be seen as an admission of discriminatory action. These admissions in conjunction with a letter warning Prewitt that funding may not exist for her position in the future and the salary disparity between herself and other employees is enough direct evidence to survive summary judgment.

Finally, MSU asks Prewitt's claims under Title IX be disallowed because those claims are preempted by Title VII. The Fifth Circuit has plainly stated that causes of action cognizable under both Title VII and Title IX can only be brought under Title VII. *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995). All of Prewitt's Title IX claims can be adjudicated under Title VII. She is therefore unable to bring those same claims under Title IX.

Prewitt's Equal Pay Act claims are limited to the period after December 13, 2003. Her Title VII claims are limited to the theory she was forced into a hostile work environment.

Prewitt's Title IX claims are barred.

MSU's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.

This the 7th day of January, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**