IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**   **PLAINTIFF**

**V.**   **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**   **DEFENDANT**

### ORDER

This cause comes before the court on the second motion [141] of the defendant, Mississippi State University ("MSU") seeking partial summary judgment.

The plaintiff, Myrtle Lynn Prewitt, filed the instant suit on December 13, 2006. She is bringing claims under the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and Title IX. MSU argues Prewitt's Equal Pay Act and Title VII claims are barred at least in part by the statute of limitations and her Title IX claim is preempted by Title VII. In a prior order this court limited Prewitt's claims to violations of the Equal Pay Act occuring after December 13, 2003 and exposure to a hostile work environment under Title VII.

In bringing these claims, Prewitt asserts that she was paid less than her colleague David Strobel because of her gender.

Prewitt was hired as a Research Assistant I in 1986. She was promoted to Research Assistant II in 1990 and to Senior Research Assistant/Research Associate III in 1996. From 2004 until the present, Prewitt has served as an Assistant Research Professor.

Strobel was hired by MSU in 1982. He was employed as a Research Assistant I until 1985 when he was promoted to Research Assistant II. Strobel became a Research Assistant/Research Associate III in 1990.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

In this motion MSU asks the court to grant summary judgment as to its liability for violations of the Equal Pay Act. MSU argues Prewitt cannot establish a *prima facie* case under the Equal Pay Act and that even if she could, the salary differential between Prewitt and Strobel is based on a factor other than sex.

The court first addresses Prewitt's technical defenses. Prewitt first asserts the motion should be stricken as it was filed after the motion deadline had passed. There is no good faith basis for this argument. Prewitt is well aware the court granted a one day extension in which to file the motion. Further Prewitt actually agreed to this extension which was designed to allow the motion to be filed under seal in order to protect personal information, including identifying information of Prewitt herself.

Prewitt next argues that a second motion for partial summary judgment is barred where

2

the granting of both summary judgment motions would in effect grant total summary judgment to the defendants.  Prewitt's argument is premised on the idea that partial summary judgment does not result in a final judgment and is governed by a lesser standard than a motion seeking summary judgment in full.  The court actually applies the same level of review of a motion whether it is for partial summary judgment or total summary judgment as indicated by the law cited above.  Further the court only partially granted MSU's first motion for summary judgment.  As such even if this motion was granted in full, Prewitt would still have some viable claims and no final judgment would issue.  The court finds this argument without merit.

The Equal Pay Act requires employers not to discriminate against employees because of gender "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1).  In order to make a *prima facie* case under the Equal Pay Act a plaintiff must show: (1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions as a person of the opposite gender; and (3) she was paid less than the employee of the opposite gender.  *Jones v. Flagship International*, 793 F.2d 714, 722-23 (5th Cir. 1986).

For the purposes of this portion of its motion, MSU's only argument is that Strobel and Prewitt did not perform work requiring equal skill, effort, and responsibility.  MSU admits both employees worked as research staff members within the Forest Products Department and in some years held the same position title.

MSU puts forth the proposition that Strobel's research was more closely related to industry and had requirements imposed by the Environmental Protection Agency.  Further they

argue Strobel signed off on quality assurance and quality control reports for both his own and others' work. Additionally, Strobel was in charge of selecting equipment and writing specifications for the equipment used. According to MSU Prewitt did not have these responsibilities.

Prewitt responds that she too worked on projects requiring EPA analysis procedures. Further she asserts that Strobel's deposition reveals she and he both worked in the same bioremediation group for the same supervisor. It is unclear from deposition testimony how the work of the two employees differed. It may well be that Strobel's work was of such a nature to justify a higher pay rate. However, taking the information available in the light most favorable to Prewitt, it appears the work done by these two employees may have been substantially similiar. Both employees were doing chemical analysis in the same work group and often had the same job title. There is a material question of fact as to whether Prewitt and Strobel were performing like jobs. This is enough for Prewitt to make her *prima facie* case for the purposes of summary judgment.

MSU next argues that even if Prewitt can make a *prima facie* case her claims fail because the pay differential between Strobel and Prewitt is based on a factor other than sex. MSU puts forth that the disparity in pay is based on outside market forces and salary compression. In support of this argument, MSU states Strobel applied for an advertised position in 1991 which gave him a large increase in pay. Prewitt never applied for the position and never achieved salary parity after Strobel received a large one time raise associated with his new position.

Prewitt offers a dizzying array of rebuttal arguments. The court finds only the need to address one of them. That argument is that a jury might disbelieve MSU's nondiscriminatory

reason. This court ruled in its January 7, 2009 order that there was direct evidence of discrimination on the part of MSU. Specifically the court held:

> Prewitt presents an October 4, 2005 letter, which taken in the light most favorable to her, is an admission by MSU that minority employees were paid less than their counterparts. Further the April 8, 1999 Warren Thompson memorandum asks MSU department heads to "[i]dentify any female or minority faculty or staff member in your budget whose performance is at least average but whose salary/wage rate is below average." Taken in the light most favorable to Prewitt, this too can be seen as an admission of discriminatory action. These admissions in conjunction with a letter warning Prewitt that funding may not exist for her position in the future and the salary disparity between herself and other employees is enough direct evidence to survive summary judgment.

*Prewitt v. Mississippi State University*, 2009 WL 57087, at *3 (N.D. Miss. January 7, 2009). Likewise this is enough evidence for a jury to disbelieve the reasons put forth by MSU. MSU has put forth substantial evidence the pay differential between Prewitt and Strobel is based on a legitimate concern. A jury could, however, find the direct evidence of discrimination in this case showed MSU's stated reasoning was pretextual. As such Prewitt's claim stands.

MSU's second motion for partial summary judgment is DENIED.

This the 25th day of March, 2009.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**