**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| **MYRTLE LYNN PREWITT** | **PLAINTIFF** |
| **V.** | **CASE NO. 1:06CV338** |
| **MISSISSIPPI STATE UNIVERSITY** | **DEFENDANT** |

## ORDER

This cause comes before the court on the motions [175, 182] of the plaintiff, Myrtle Lynn Prewitt, for her brother, George Dunbar Prewitt, to be allowed to make an appearance on her behalf and for a continuance of the current trial setting.

This suit was originally filed on December 13, 2006 by Nicole H. McLaughlin and Jim D. Waide, III on behalf of the Ms. Prewitt. The case was assigned to this court. The first trial setting was on June 23, 2008. This court transferred the case to Judge Aycock when she took the bench in October 2007.

On November 5, 2007, Judge Aycock allowed Mrs. McLauglin and Mr. Waide to withdraw from this matter because differences between counsel and Ms. Prewitt had arisen that could not be resolved. The court's order gave Ms. Prewitt thirty days to secure representation or proceed *pro se*. In order to give Ms. Prewitt the full benefit of counsel, the court suspended discovery for those thirty days. Having failed to obtain an attorney, Ms. Prewitt filed a motion for the court to appoint counsel on February 27, 2008. The court denied that motion on March 6, 2008. In the interim period Judge Aycock reset the trial for September 22, 2008.

On July 21, 2008 defendant, Mississippi State University ("MSU"), filed a motion for

partial summary judgment. In order to help Ms. Prewitt, Judge Aycock entered an order giving Ms. Prewitt a twenty day extension of time to respond to the motion and a brief explanation of the summary judgment process.

On September 3, 2008, Judge Aycock held a conference call with the parties to discuss the instant suit. At that time it became clear to the court that George Dunbar Prewitt was interfering in the instant matter. Mr. Prewitt refused to enter an appearance in the case[1] or take on any of the traditional duties of an attorney in this matter, though he appeared to be assisting his sister. Ms. Prewitt then sent a letter to Judge Aycock's law clerk questioning the propriety of the events of the conference.

On September 8, 2008, Judge Aycock recused herself from this matter. On September 10, 2008, this court prohibited Mr. Prewitt from advising Ms. Prewitt, attending depositions, drafting court filings, or participating in this litigation in any other way. In so doing the court held:

> It is unfair for Prewitt to benefit from the assistance of counsel while enjoying expanded leeway in her litigation. Further, it may well violate an attorney's duty of candor to provide advice with the knowledge it will be used in court filings presented by a *pro se* litigant.

The court then gave Ms. Prewitt until September 22 to have an attorney enter an appearance for her or to inform the court of her desire to proceed *pro se*. Finally, the court reset the trial date for January 12, 2009.

On September 19, 2009, Ms. Prewitt filed a motion for an extension of time to obtain counsel. The court granted Ms. Prewitt until October 7, 2008 to hire a new lawyer. On October 2, Mr. Bambach entered an appearance on behalf of Ms. Prewitt. On October 10, the court

---

[1] At this time Judge Aycock gave Mr. Prewitt five days to make an appearance if he wished to continue participating in the instant matter.

extended the discovery and motion deadlines in order to accomodate Ms. Prewitt's new counsel.

The case then proceeded relatively orderly. The matter was set for trial on January 12, 2009. On January 8, 2009, Ms. Prewitt requested a continuance of the trial and a settlement conference. The court having been made aware this matter was close to resolution granted Ms. Prewitt's request. The trial was continued until further order of the court and a settlement conference was set for February 20, 2009. The settlement conference was unsuccessful. The trial was reset for June 1, 2009.

On May 19, 2009, Ms. Prewitt moved the court to continue the trial setting. Finding that she failed to give good cause for a continuance, the court denied that motion. The very next day the court received a fax from Mr. Prewitt indicating he wished to make an appearance in the case. Copies of this fax circulated to the actual attorneys in this matter. Mr. Bambach then moved to withdraw from the suit. The court issued an order on May 22, 2009 ordering Mr. Prewitt or Mr. Bambach to submit an affidavit from Ms. Prewitt stating which attorney she wished to represent her. The court issued this order due to concerns that Mr. Prewitt was not acting in the best interests of his sister and because of the risk in changing counsel at such a late date. Instead of an affidavit, Ms. Prewitt submitted a letter, via fax, asserting she did not understand the court's order. The letter did state that she respected Mr. Bambach's desire to withdraw. The lack of opposition by Ms. Prewitt coupled with the obvious conflict in the triangle between the Prewitts and Mr. Bambach counseled the court to allow Mr. Bambach to withdraw.

In the May 26, 2009 order allowing Mr. Bambach to withdraw the court gave Mr. Prewitt one day to obtain an affidavit from his sister if he wished to make an appearance. The court specifically ordered Mr. Prewitt to file such an affidavit on the docket as an exhibit to his motion to make an appearance. On May 28, 2009, the court received a faxed copy of an affidavit from

Ms. Prewitt asking that Mr. Prewitt be allowed to enter an appearance on her behalf. On May 29, 2008, the affidavit was entered on the docket.

On May 29, 2009, Ms. Prewitt filed another motion to continue to current trial setting.[2] This motion is premised on the fact that Mr. Bambach did not number and color-code the trial exhibits and because Mr. Bambach is in possession of discovery materials.

This court is concerned that the plaintiff and her now new counsel, her brother Mr. Prewitt, are more interested in hamstringing the judicial process than in resolving this matter; that they enjoy the chase, more than any particular destination. However, vexing though these matters may be, it is the court's duty to rule with reasonable discretion, sometimes mixed with more or less doses of patience. An opportunity presents itself in these premises.

Ms. Prewitt's motions for her brother to enter an appearance and for a continuance of the trial setting are GRANTED. This cause shall be set for trial on January 11, 2010.

This the 29th day of May, 2009.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The court first received the motion via fax on May 28, 2009. The Prewitts have been continually faxing documents to this court. The court is not considering such documents which are obviously not being filed according to the Local Rules.