# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                    **PLAINTIFF**

**V.**                                          **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                            **DEFENDANT**

## ORDER

This cause comes before the court on the motion of plaintiff, Myrtle Lynn Prewitt, to reinstate her Title VII compensation claims and her Title VII and Equal Pay Act retaliation claims.

Prewitt initially filed suit against defendant, Mississippi State University ("MSU") on December 13, 2006. That complaint alleged violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964. The Title VII claims alleged were that Prewitt was discriminated against based on her sex and race. On January 29, 2007, Prewitt amended her complaint to allege violations of Title IX.

In November 2007 Prewitt's attorneys withdrew from the case. On July 21, 2008 MSU moved for partial summary judgment. In October 2008 Prewitt obtained new counsel. On January 7, 2009 this court granted in part and denied in part MSU's motion for partial summary judgment. That order barred Prewitt's Equal Pay Act claims prior to December 13, 2003. The court found Prewitt's Title VII claim for salary disparity was barred by her failure to act within the limitations period. The court found Prewitt's Title VII hostile work environment claim could survive summary judgment. Finally the order granted summary judgment on any retaliation claim Prewitt may have wanted to bring. This claim was briefly mentioned in Prewitt's response

to the summary judgment motion, but it was not raised in her complaint or Equal Employment Opportunity Commission ("EEOC") charge.

On May 26, 2009 Prewitt's new counsel withdrew from this matter. On May 28, 2009 a revised pretrial order was entered. On May 29, 2009 Prewitt's current counsel made an appearance. Six months later on November 29 Prewitt asked the court for permission to amend the pretrial order. On December 29, 2009 the court denied that motion asking Prewitt to start the briefing process as to whether amendment should be allowed. Prewitt then filed the instant motion.

Prewitt first asks the court to revisit its ruling on the Title VII statute of limitations defense in light of the Lilly Ledbetter Fair Pay Act of 2009.

The Lilly Ledbetter Fair Pay Act was signed into law on January 29, 2009. The Act amended Title VII adding the following language:

> [A]n unlawful employment practice occurs, with respect to discrimination in compensation in violation of this title, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e5(3). The Act extends the statute of limitations of compensation discrimination under Title VII. *See Gentry v. Jackson State University*, 610 F.Supp.2d 564 (S.D. Miss. 2009).

There is no doubt that this Act is intended to be retroactive and that it allows Prewitt to bring Title VII compensation claims previously barred by the statute of limitations.

MSU's only argument is that Prewitt waived her right to assert claims under the statute by

failing to raise this issue until such a late date. As the numerous opinions and orders in this matter make clear, Prewitt has consistently confused and delayed this litigation. MSU has been repeatedly punished by the circumstances of the prosecution of this suit. However, the court does not find waiver to be appropriate in this instance. It is clear that Congress intended for individuals such as Prewitt to benefit from this change in the law. This court is bound to follow statutory dictates and sidestepping this dictate based on a theory of waiver would be unjust.

The court will allow reinstatement of Prewitt's Title VII compensation claims covered by the Lilly Leadbetter Act. The parties have not briefed the facts related to these claims so the court makes no ruling as to exactly which claims can be resurrected. This is an issue that will have to be addressed by the parties as they draft an amended pretrial order.

Prewitt next asks the court to reinstate her retaliation claims. Prewitt makes a number of arguments that retaliation claims under Title VII and the Equal Pay Act do not have exhaustion requirements; thus she did not have to raise them in her EEOC charge in order to bring suit under those theories.

However, Prewitt does not address her failure to raise retaliation claims in either her complaint or her amended complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to raise a valid claim. Prewitt never raised a retaliation claim. She never put MSU on notice that it had to defend such a claim. A fair reading of the complaint and the attached EEOC charge could not have put MSU on notice it needed to defend against such a charge. At this point it is much too late to revisit potential claims Prewitt may now wish to raise. As such the court will deny Prewitt's motion to reinstate her retaliation claim.

Prewitt's motion [205] to amend the pretrial order is GRANTED IN PART and DENIED

IN PART. The parties have fourteen (14) days to submit a proposed revised pretrial order to the court. The changes to the pretrial order should only concern Prewitt's compensation claims under Title VII.

This the 8th day of April, 2010.

          **/s/ MICHAEL P. MILLS**
          **CHIEF JUDGE**
          **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF MISSISSIPPI**