**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MYRTLE LYNN PREWITT**                                                                                    **PLAINTIFF**

**V.**                                                                                                    **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                                                   **DEFENDANT**

**ORDER**

This cause comes before the court on the motion of plaintiff, Myrtle Lynn Prewitt, to disqualify counsel for defendant, Mississippi State University ("MSU").

Prewitt seeks to disqualify counsel because they were not hired in accordance with the regulations established by the Mississippi Board of Trustees of State Institutions of Higher Learning. The regulation in question requires approval by the Attorney General before outside counsel is hired.

MSU responds that Prewitt lacks standing to disqualify counsel on this ground, has waived any objection to the participation of defense counsel, and has failed to meet her burden of proof.

The court previously dealt with this motion and had serious questions as to Prewitt's right to challenge MSU's choice of counsel. In order to find the correct answer to this question the court ordered additional briefing. That briefing is now complete.

Article III of the Constitution limits federal court jurisdiction to actual cases or controversies. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Under this doctrine, in order to have standing a party must show (1) it has suffered "an injury in fact" that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged

action of the defendant; and (3) it is likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

In attempting to demonstrate an actual injury Prewitt relies on authority from the Fifth Circuit that parties have standing to seek disqualification of attorneys who have committed ethical violations. *See, e.g. Brown & Williamson Tobacco Corp. v. Daniel Intern. Corp.*, 563 F.2d 671, 674 (1977). The logic behind such cases is that federal courts are not bound by Article III standing limits when an issue or party is "closely related to a matter over which [a court] has jurisdiction as to be part of a single Article III 'case.'"[1] *Id*. (quoting *Warren G. Kleban Engineering Corp. v. Caldwell*, 490 F.2d 800, 802 (5th Cir. 1974)).

MSU counters that the Fifth Circuit has only applied this logic to cases in which an attorney is accused of some breach of the ethics code. The court can not find any Fifth Circuit authority for this proposition. However, all the cases cited by Prewitt fall within the rubric laid out by MSU.

The Eighth Circuit has specifically dealt with this issue. In *O'Connor v. Jones*, the court ruled absent a showing of ethical misconduct or actual injury there was no constitutional standing for one party to challenge its opponents choice of counsel. 946 F.2d 1395, 1401 (8th Cir. 1991) (finding a lack of standing where plaintiff alleged the Missouri Attorney General had no authority to hire private counsel).

The court is persuaded that Prewitt lacks standing to disqualify MSU's attorneys. Prewitt can not establish she has suffered an actual injury. It is true a party may seek disqualification of opposing counsel for violations of the ethics canons. Ethical violations create actual injuries to

---

[1] Expansion of that holding is limited by Supreme Court precedent holding standing must be determined for every set of "particular issues" brought before the court. *Warth v. Seldin*, 422 U.S. 490, 498 (1975)

parties who must oppose lawyers who have gained some advantage through a violation of the canons.[2] In this case Prewitt has not alleged a violation of the canons.

The alleged problem complained of in this instance is that MSU did not follow the proper internal procedure in obtaining its counsel. If true this might create an actual injury, but that injury would be to the Mississippi Attorney General. The process of choosing and paying counsel does not rise to the level of allowing opposing parties standing to challenge those procedures.

Prewitt's motion [198] to disqualify is DENIED.

This the 4th day of May, 2010.

                                           **/s/ MICHAEL P. MILLS**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**
                                           **NORTHERN DISTRICT OF MISSISSIPPI**

---

[2] The court does not reach the issue of how closely an ethical violation has to be to the merits of a particular cause for standing to exist. *See Murchison v. Kirby*, 201 F.Supp. 122, 123 (S.D.N.Y. 1961) (finding no standing to challenge counsel based on alleged ethics violations unrelated to the matter at hand).