IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                            **PLAINTIFF**

**V.**                                                     **CASE NO. 1:06CV338**

**MISSISSIPPI STATE UNIVERSITY**                                  **DEFENDANT**

**ORDER**

This cause comes before the court on the motion of defendant, Mississippi State University ("MSU"), for relief in regards to the parties' inability to draft a pretrial order in the instant matter.

In ruling on this motion the court must also consider the motion of plaintiff, Myrtle Lynn Prewitt, to strike MSU's motion.

While Prewitt's motion is styled as a motion to strike, that is not actually the relief it seeks. Instead Prewitt agrees an extension of time should be granted and only requests that the proposed pretrial order attached to the motion be stricken. As discussed below the court will not adopt the proposed pretrial order. As such Prewitt's motion to strike is moot.

Prewitt initially filed suit against defendant, Mississippi State University ("MSU") on December 13, 2006. That complaint alleged violations of the Equal Pay Act and Title VII of the Civil Rights Act of 1964. Prewitt alleged she was discriminated against based on her sex and race under Title VII. On January 29, 2007, Prewitt amended her complaint to allege violations of Title IX.

In November 2007 Prewitt's attorneys withdrew from the case. On July 21, 2008 MSU moved for partial summary judgment. In October 2008 Prewitt obtained new counsel. On

January 7, 2009 this court granted in part and denied in part MSU's motion for partial summary judgment. That order barred Prewitt's Equal Pay Act claims prior to December 13, 2003. The court found Prewitt's Title VII claim for salary disparity was barred by her failure to act within the limitations period. The court found Prewitt's Title VII hostile work environment claim could survive summary judgment. Finally the order granted summary judgment on any retaliation claim Prewitt may have wanted to bring. This claim was briefly mentioned in Prewitt's response to the summary judgment motion, but it was not raised in her complaint or Equal Employment Opportunity Commission ("EEOC") charge.

On May 26, 2009 Prewitt's new counsel withdrew from this matter. On May 28, 2009 a revised pretrial order was entered. On May 29, 2009 Prewitt's current counsel made an appearance. Six months later on November 29 Prewitt asked the court for permission to amend the pretrial order. On December 29, 2009 the court denied that motion asking Prewitt to start the briefing process as to whether amendment should be allowed.

On April 8, 2010 the court granted Prewitt's motion in part. The court's order allowed Prewitt to revive her Title VII compensation claims covered by the Lilly Leadbetter Act. The court gave the parties fourteen days to submit a revised pretrial order reflecting the claims the court reinstated. During this period the parties were unable to draft a revised pretrial order.

The parties being unable to come to agreement, MSU filed the instant motion. This motion asks the court to enter the pretrial order submitted by MSU or alternatively to grant an extension of time in which to file a pretrial order. In conjunction with the request for additional time MSU also seeks an order requiring the parties to utilize Magistrate Judge Davis to finalize the pretrial order. Further MSU seeks attorney's fees for the cost of this motion and for any additional time needed to develop a pretrial order.

Local Rule 16(j)(2) requires the parties to work together in order to develop a joint pretrial order. It is clear the parties have failed to work together in order to develop the pretrial order submitted by MSU, but not agreed to by Prewitt. As such the court will not adopt this order.

Having declined to adopt the order presented, the court has little recourse but to give the parties an extension of time in which to complete a pretrial order. The court will grant the extension of time. However, as is made clear by the local rules this is a matter best suited for the assigned Magistrate Judge. The court therefore orders the parties to contact Magistrate Judge Davis within five days of the entry of this order so that a conference[1] may be set at which a pretrial order will be submitted.

Judge Davis is in the best position to decide how to move forward with getting a third and hopefully final pretrial order in this matter. As such the court will leave to him the decision on exactly how and when a pretrial order shall be due.

Additionally, the court will leave to Judge Davis the determination of appropriate sanctions, if any are warranted. It is clear to this court that at least one party has failed to act in good faith in drafting the pretrial order. The local rules create a system in which pretrial orders can be easily drafted to the satisfaction of all involved. The failure to come to an agreed pretrial order here is symptomatic of the litigation practices employed in this matter. All attorneys in this matter are reminded that they have a duty to advance the best interests of their clients and a duty to act as professionals in this court.

The court expects this issue to be resolved quickly. This matter has been delayed

---

[1] The court wants to make clear this is not to be a normal pretrial conference as that event has already occurred. This is simply an opportunity for the parties to adopt a pretrial order.

repeatedly. It is time for it to be brought to a close.

MSU's motion [219] as to the pretrial order is GRANTED IN PART and DENIED IN PART. Prewitt's motion [220] to strike is MOOT.

This the 6th day of May, 2010.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**