IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                 **PLAINTIFF**

v.                                                **CAUSE NO. 1:06CV338-LG-DAS**
                                                   **CAUSE NO. 1:10CV225-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                                  **DEFENDANT**

### ORDER DENYING PLAINTIFF'S MOTION FOR
### REVIEW OF MAGISTRATE JUDGE'S ORDER

**BEFORE THE COURT** is the Motion [268] for Review of Magistrate Judge's Order filed by Myrtle Lynn Prewitt in which she objects to the Order [266] entered by United States Magistrate Judge David A. Sanders. Mississippi State University has filed a response in opposition to the Order, and Prewitt has filed a reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Order entered by Judge Sanders is neither clearly erroneous nor contrary to law. Therefore, Prewitt's Motion for Review must be denied.

### DISCUSSION

In an Order [266] entered on January 31, 2012, Judge Sanders granted Mississippi State's Motion to Consolidate the two employment discrimination cases filed by Prewitt against Mississippi State. He also granted Mississippi State's Motion to Deem Discovery Closed, and he denied Prewitt's Motion for Miscellaneous Relief in which she asked the Court to delay the case management conference in this case until Mississippi State provided evidence supporting its defenses. Prewitt has filed the present Motion for Review of Judge Sanders' Order.

"A party aggrieved by a magistrate judge's ruling may appeal the ruling to

the assigned district judge." Unif. Local R. 72(A). The Local Rules provide:

> No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

Unif. Local R. 72(B). Similarly, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

**A. Mississippi State's Motion to Consolidate Cases**

Fed. R. Civ. P. 42(a) provides: "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." In both lawsuits, Prewitt has alleged that she was subjected to salary disparity and a hostile work environment. Furthermore, although the latest lawsuit brings new claims, both lawsuits arise out of the same common nucleus of operative facts. Therefore, it was proper for Judge Sanders to consolidate the two lawsuits.

**B. Mississippi State's Motion to Deem Discovery Closed**

In his Order, Judge Sanders held:

> Because the defendant has moved to deem discovery closed, the court assumes it plans to respond to the plaintiff's response/motion to amend the complaint and to dismiss the new claims made in the new complaint. Consequently, the court will allow the parties until March 16, 2012 to file any motions other than motions in limine. Should the district court deny any motion to dismiss and allow new claims to proceed, the court will then reconsider whether any additional discovery is appropriate. Should the court grant the motion(s), the matter will proceed to trial as currently scheduled with no additional

discovery allowed.

(Order at 4, ECF No. 266.) As explained previously, Prewitts' two lawsuits arise out of the same set of facts and assert some of the same causes of action. Her first lawsuit is almost ready for trial, but no discovery has been conducted in the second lawsuit. The second lawsuit raises new causes of action. Given the procedural posture of these consolidated cases, the Court finds that Judge Sanders' approach is the best way to promote the orderly and expeditious handling of these cases. Judge Sanders has not stated that Prewitt will never be permitted to conduct discovery. He has merely stayed discovery temporarily.

Prewitt argues that it was improper for Judge Sanders to suggest that Mississippi State may file a motion to dismiss, because responsive pleadings have been filed in both lawsuits. Fed. R. Civ. P. 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is filed early enough that it does not delay trial. Motions for judgment on the pleadings are evaluated using the same standards as motions to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6). *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). Therefore, Prewitt's argument is without merit. Any motion to dismiss filed at this stage of the proceedings would be converted by the Court to a motion for judgment on the pleadings, since both motions are analyzed according to the same standards.

Prewitt also asserts that Judge Sanders has effectively granted summary judgment as to all of the new claims asserted in her August 25, 2008 Response to

Mississippi State's Motion for Partial Summary Judgment, since he only mentioned her desire to state a retaliation claim. The Fifth Circuit has explained:

> The parties may not by consolidation, of course, be deprived of some substantive right available to them in an individual suit now consolidated. "The actions [d]o not lose their separate identities for purposes of consolidation." *Alfred Dunhill of London v. Republic of China*, 425 U.S. 682, 735 (1976). A substantive advantage sought by reason of the consolidation was rejected by *Dunhill*, the Court observing that the consolidated actions "were not merged; they were simply consolidated for trial in the interest of economy." *Id.* at 726. To similar effect, and for similar reasons to reject a substantive advantage sought by one party because of the consolidation, we ourselves have stated that "consolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other." *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982).

*Harcon Barge Co., Inc. v. D&G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir. 1984). Based on this authority, the Court finds that the remaining claims from Prewitt's 2006 lawsuit and the claims stated in her 2010 lawsuit are currently pending before this Court. In other words, it is not necessary for Prewitt to file a motion to amend in order to assert a retaliation claim, since that claim was asserted in her 2010 Complaint.

The remaining claims from Prewitt's 2006 lawsuit are claims alleging Equal Pay Act violations that occurred after December 13, 2003, and a Title VII hostile work environment claim. In her second lawsuit, the Court has located the following claims in Prewitt's 2010 Complaint: a Title VII claim for salary disparity pursuant to *County of Washington v. Gunther*, 452 U.S 161 (1981), a Title VII hostile work environment claim, a retaliation claim, and a Title VII claim "for the failure to

provide a tenure or tenure-track position for Dr. Prewitt . . . ." Prewitt also appears to seek relief pursuant to Title IX, and she clarifies that she is alleging disparate treatment claims and disparate impact claims.

Prewitt's pleadings, which do not to use separate headings in her 2010 Complaint for each asserted claim, makes it difficult for the Court, and presumably the defendant, to discern which causes of action she wishes to pursue. If the Court has left out any claims in the preceding paragraph, Prewitt should file a motion to clarify that specifically identifies any overlooked claims, along with the page and paragraph number at which that claim can be found in her 2010 Complaint. In this way the Court and the defendant will be aware of the claims that are pending in this lawsuit. The deadline for filing a motion to clarify, if necessary, is March 16, 2012.

Furthermore, Prewitt is cautioned that she will not be permitted to rely on her August 25, 2008 Response to Mississippi State's Motion for Partial Summary Judgment. If there are claims that Prewitt wishes to pursue that are not listed in her 2010 Complaint, she must file a motion to amend the 2010 Complaint to assert those claims. For example, Prewitt claims that she raised a Section 1981 claim in her Response to the Motion for Partial Summary Judgment. Prewitt's 2010 Complaint makes no reference to Section 1981. Therefore, that claim is not pending before this Court, and it will not be pending before this Court until Prewitt seeks and obtains permission to file an amended complaint that specifically states that claim. Pursuant to Judge Sanders' Order, the deadline for filing a motion to amend

the complaint is March 16, 2012.

The confusion and complications caused by Prewitt's election not to plead all of the causes of action that she wishes to pursue also justify Judge Sanders' determination that discovery should be stayed. The Court finds that Judge Sanders' decision is neither clearly erroneous nor contrary to law.

**C. Prewitt's Motion for Miscellaneous Relief**

Judge Sanders denied Prewitt's Motion asking him to delay the case management conference in this case until "the defendant establishes the legality of its defense(s)." (Pl.'s Mot. at 1, ECF No. 22, Cause No. 1:10cv225). In the present Motion, Prewitt alleges that Mississippi State failed to adequately deny allegations made in her 2010 Complaint, because it asserts general denials in its Answer. Prewitt asks the Court to eliminate defenses that she claims are frivolous and to grant her a default judgment.

Fed. R. Civ. P. 8(b)(3) specifically permits defendants to assert general denials. Furthermore, the Court has reviewed the Answer and finds that all of the denials are adequate. If Prewitt wishes to strike certain defenses, she must file a Motion to Strike by the March 16, 2012, motion deadline set by Judge Sanders. As Judge Sanders explained in his Order, the Court is not aware of any authority, and Prewitt has cited none, that provides that a Court must delay a case management conference whenever a plaintiff calls the defendant's defenses into question, particularly where the plaintiff has not filed a motion to strike those defenses. As a result, the Court finds that Judge Sanders properly denied the Motion for

Miscellaneous Relief.

**D. Judge Sanders' Authority to Enter the Order [266]**

Prewitt claims that Judge Sanders exceeded his authority by entering the Order. However, as Prewitt acknowledges, Magistrate Judges have the following authority:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). In short, Magistrate Judges are permitted to handle non-dispositive motions. All of the motions adjudicated by Judge Sanders were non-dispositive in nature. Therefore, he had the authority to enter the Order.

Prewitt also argues that her cases were not properly assigned to the undersigned, because the Chief Judge for the Southern District of Mississippi did not properly consent to the assignment. She seems to claim that the cases were improperly transferred to the Southern District of Mississippi. For this reason, she argues that every Order entered by the undersigned and every order entered by Judge Sanders is void. Nevertheless, former Chief United States District Judge Henry Wingate did consent to the assignment of these cases to the undersigned. Furthermore, the case has not been transferred to the Southern District of Mississippi. Instead, it remains a Northern District of Mississippi case, and the

trial and pretrial conference in this matter have been scheduled in Oxford, Mississippi. Therefore, Prewitt's arguments concerning the assignment of the case to the undersigned are without merit.

## Conclusion

Because the Court finds that Judge Sanders' Order was neither clearly erroneous nor contrary to law, the Court finds that Prewitt's Motion for Review should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [268] for Review of Magistrate Judge's Order filed by Myrtle Lynn Prewitt is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the deadline for filing motions for judgment on the pleadings, motions to amend, motions to strike defenses, and motions to clarify the claims asserted in these consolidated lawsuits is March 16, 2012.

**SO ORDERED AND ADJUDGED** this the 5th day of March, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE