IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                              **PLAINTIFF**

v.                                              **CAUSE NO. 1:06CV338-LG-DAS**
                                                    **CAUSE NO. 1:10CV225-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                                **DEFENDANT**

**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION
TO CONVENTIONALLY FILE EXHIBITS**

**BEFORE THE COURT** are the Motion [288] for Permission to Conventionally File Exhibits and Motion [290] to Hold in Abeyance filed by Myrtle Lynn Prewitt. She asks for permission to conventionally file exhibits supporting her response to the defendant's Motion for Partial Summary Judgment. Prewitt states that the exhibits total ninety megabytes, while the Court's maximum upload capacity is thirty-two megabytes. In her Motion to Hold in Abeyance, Prewitt asks the Court to abstain from ruling on the Motion requesting permission to conventionally file exhibits, because the exhibits have been submitted to the Clerk of Court for conventional filing pursuant to Section 8 of the ECF Administrative Procedures.

Section 8 of the Administrative Procedures for Electronic Case Filing permits attorneys to file documents conventionally by attaching a Declaration of Technical Difficulties in circumstances where technical failures in either the Court's system or the attorney's system prevent the attorney from electronically filing the document. However, Section 3(A)(8) provides that each exhibit should be filed as a separate

attachment to the original pleading (in this case the plaintiff's response), and each attachment should be labeled with either a letter or number and a meaningful description. If the PDF document exceeds thirty-two megabytes, attorneys are instructed to file any remaining exhibits using the event "Exhibit to Other Document" until all of the exhibits have been electronically filed. *See also* Unif. Local R. 7(b)(2).

Since Prewitt was unable to electronically file the exhibits due to the size of the PDF, this does not constitute a technical difficulty caused by either the Court's system or the attorney's system. The difficulty was caused by the failure to divide the exhibits pursuant to the instructions provided in Section 3(A)(8) Administrative Procedures for Electronic Case Filing. As a result, Prewitt's request for permission to conventionally file the exhibits is denied. Furthermore, her request to hold that Motion in abeyance is also denied.

The Clerk of Court and the information technology staff are available to answer questions, or they can provide Plaintiff's counsel with assistance and training in the use of the Court's electronic filing system (CM/ECF) in the event Plaintiff's counsel should encounter difficulties. Plaintiff's counsel is encouraged to ask for help when needed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Motion [288] for Permission to Conventionally File Exhibits filed by Myrtle Lynn Prewitt is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion [290] to

Hold in Abeyance filed by Myrtle Lynn Prewitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 3rd day of April, 2012.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE