# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                                        **PLAINTIFF**

v.                                                                       **CAUSE NO. 1:06CV338-LG-DAS**
                                                                         **CAUSE NO. 1:10CV225-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                                        **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL

**BEFORE THE COURT** is the Motion for Recusal [293] filed by Myrtle Lynn Prewitt. The Court finds that the Motion should be denied.

### DISCUSSION

Pursuant to 28 U.S.C. § 455, a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Prewitt argues that the undersigned should recuse himself, because she believes that the Court's decisions in this case evidence bias on the part of the undersigned.

Prewitt first claims that the undersigned is biased against her, because the defendant was permitted to file certain documents [139, 140] under seal, while Prewitt's request to file documents under seal was denied. However, the undersigned has never granted the defendant permission to file documents under seal in this case; rather another Judge was presiding over the case at that time. Furthermore, as Prewitt herself acknowledges in her Motion for Recusal, the documents that the defendant filed under seal included not only social security numbers but financial account numbers and salary information concerning Mississippi State employees, while Prewitt only requested that two exhibits be filed under seal, since they contain social

security numbers. The private information contained in the documents filed by the defendant was too voluminous to be redacted. In addition, some of the private information, such as salaries, was likely necessary to the Court's decisions in the case, particularly since Prewitt's lawsuit is based on her claim that she was paid less than other employees due to her race. On the other hand, Prewitt's attorney can easily remove the social security numbers in her two exhibits using liquid paper prior to electronically filing the documents, and the Court will not need to see the social security numbers in order to make a ruling in this case.

Prewitt also asserts that the undersigned is biased in favor of the defendant, because she was not permitted to conventionally file exhibits. As the Court explained in its Order [288], Prewitt was asking to conventionally file the exhibits due to the size and number of the exhibits, not due to any technological difficulty. The Court explained that the exhibits should be individually filed and labeled in accordance with the Administrative Procedures and Local Rules adopted by the Court. The Court also encouraged Prewitt's attorney to seek assistance from the Clerk of Court or the Court's Information Technology Department should he need additional assistance in filing the exhibits. The Court cannot permit attorneys to submit exhibits and pleadings to the Clerk every time that the exhibits and pleadings are numerous, as this would overburden the office of the Clerk of Court.

Prewitt's attorney now claims that the exhibits cannot be filed, because there is no document to which they can be linked. However, the exhibits may be filed by using the event "Other Documents" and then the event "Exhibits to Other Document"

in the CM/ECF system. When the CM/ECF system asks whether the document should be linked to another document, that box should be checked, and then the appropriate pleading to which the exhibit should be attached should be selected. In the alternative, Prewitt may file a pleading entitled "Supplemental Exhibits in Support of Response to Summary Judgment," and may attach the exhibits to that document. Therefore, the Court has not prevented Prewitt from filing her exhibits; it has merely required her to utilize the same procedures utilized by all other attorneys.

Prewitt next argues that she has been prevented from engaging in discovery. The Court has previously addressed this argument in its Order [272] denying Prewitt's Motion for Review of Magistrate Judge's Order.

Prewitt also claims that the Court is biased, because it explained that it would convert any Fed. R. Civ. P. 12(b) Motion filed after a responsive pleading to a Fed. R. Civ. P. 12(c) Motion. It would be a waste of the parties' resources and the Court's resources to deny a Rule 12(b) motion as untimely, particularly since the same standards are utilized to consider Rule 12(b) motions and Rule 12(c) motions. Moreover, this argument has no applicability to this case, since the defendant has decided to file a Motion for Partial Summary Judgment rather than a Rule 12 motion.

Prewitt also once again claims that the undersigned does not have the authority to preside over this case. The Court previously addressed this argument in its Order [272] denying Prewitt's Motion for Review of Magistrate Judge's Order.

The undersigned does not have any stake in the outcome of this lawsuit and holds no bias in favor or against either party. Prewitt's arguments that the Court's

rulings on Motions filed in this case evidence bias are without merit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Recusal [293] filed by Myrtle Lynn Prewitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of April, 2012.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge