IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                        **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:06CV338-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                        **DEFENDANT**

### ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

**BEFORE THE COURT** is the Motion for Preliminary Injunction [299] filed by Plaintiff Myrtle Lynn Prewitt. She asks the Court to enjoin Mississippi State from engaging in racial and gender discrimination in its employment practices and to place her in a fully-tenured faculty position at Mississippi State with appropriate compensation. Mississippi State countered that Prewitt's request for injunctive relief is too generalized, as well as untimely. It further argues that she cannot demonstrate the necessary elements for obtaining injunctive relief. Upon reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Preliminary Injunction should be denied.

### BACKGROUND

Prewitt, an African-American female, filed this lawsuit on December 13, 2006, alleging that Mississippi State paid male and non-African-American employees who were less qualified higher salaries. The case has been scheduled for trial on numerous occasions and multiple pretrial orders have been entered in the case, but, due to changes of counsel, requests for continuances, and new legal theories raised by Prewitt, the case has lingered without a resolution for over five

years. Now, only a few months prior to the scheduled trial of this matter, Prewitt requests a preliminary injunction appointing her to a tenured position and enjoining Mississippi State from engaging in discriminatory employment practices.

## DISCUSSION

To receive a preliminary injunction, a party must show "(1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) [their] substantial injury outweighs the threatened harm to the party whom [they] seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). A preliminary injunction is an extraordinary remedy that should only be granted if the party seeking it has "clearly carried the burden of persuasion on all four requirements." *Id.* The purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits. *Collum v. Edwards*, 578 F.2d 110, 113 (5th Cir. 1978).

In the present case, a preliminary injunction would do nothing to preserve the status quo. In fact, the Court expects that an injunction would cause additional delay and confusion, particularly since Mississippi State would be entitled to an interlocutory appeal of such a ruling. *See Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991). Prewitt's request "for an Order enjoining Mississippi State University's racial segregation, racial discrimination, gender discrimination, and national origin discrimination in its employment procedures within the College of

Forest Resources and Forest Products Department" is overbroad and vague. Most, if not all, of the alleged discriminatory conduct described in Prewitt's Memorandum occurred several years ago. The individual that Prewitt primarily compares herself to is now retired.

Prewitt's request for the Court to place her in a tenured position is likewise without merit. Prewitt has not demonstrated that she is entitled to a tenured position at Mississippi State. In fact, she admitted in a past Pretrial Order that she has never even applied for a tenured position, although she now attempts to recant that prior admission. (Pretrial Order 15, ECF No. 236). The Court has also dismissed Prewitt's untimely claim that she was denied a tenured position in its Memorandum Opinion and Order granting Mississippi State's Motion for Partial Summary Judgment. Therefore, she cannot demonstrate a substantial likelihood of success on the merits.

The cases relied upon by Prewitt in her Memorandum, *EEOC v. Cosmair, Inc.*, 821 F.2d 1085 (5th Cir. 1987), and *Middleton-Keirn v. Stone*, 655 F.2d 609 (5th Cir. 1981), do not support her requests for injunctive relief. In the *Cosmair* case, the Court granted an injunction preventing an employer from discontinuing severance pay for employees who filed charges of discrimination. *Cosmair*, 821 F.2d at 1087. The *Middleton-Keirn* case pertained to an injunction requiring reinstatement to a position the plaintiff had previously held. *Middleton-Keirn*, 655 F.2d at 610. Prewitt, on the other hand, merely asks for a general end to all

conduct that she classifies as discriminatory as well as appointment to a new position that she admittedly never sought. The Court does not have the authority to issue preliminary injunctions of this nature.

## CONCLUSION

For the foregoing reasons, the Court finds that Prewitt's Motion for a Preliminary Injunction should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Preliminary Injunction [299] filed by Plaintiff Myrtle Lynn Prewitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of May, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE