**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MYRTLE LYNN PREWITT**                                                          **PLAINTIFF**

v.                                                  **CAUSE NO. 1:06CV338-LG-DAS
CAUSE NO. 1:10CV225-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                              **DEFENDANT**

**ORDER DENYING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

**BEFORE THE COURT** is the Motion for Default Judgment [277] filed by Myrtle Lynn Prewitt. Prewitt claims that she is entitled to a default judgment because: (1) Mississippi State's Answer to her 2010 Complaint was untimely since it was filed after a stay that Prewitt characterizes as void; (2) Mississippi State's Answer is void, because its attorneys did not obtain permission to represent it from the Mississippi Attorney General; and (3) Mississippi State's Answer was insufficient in that it made improper denials and failed to give fair notice of affirmative defenses. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Default Judgment should be denied.

**DISCUSSION**

Prewitt argues that Mississippi State has defaulted for three reasons. First, she claims once again that the undersigned "was never legally designated, under any order from Judge Wingate or from any other authorized federal judge, to sit as a temporary member of the U.S. District Court for the Northern District of Mississippi." (Pl.'s Mot. 2, ECF No. 277). She claims that the Order [6] entered by

the undersigned staying her 2010 lawsuit, 1:10cv225-LG-DAS, is therefore void, and Mississippi State defaulted by abiding by that Order and waiting to file an answer until after the stay was lifted.

This case was transferred to the undersigned on September 23, 2010. Chief Judge Edith H. Jones of the United States Court of Appeals for the Fifth Circuit entered a Designation [1] in Cause Number 3:09mc58 that assigned the undersigned to hold district court in the Northern District of Mississippi "from January 1, 2010, to December 31, 2010, and for such further time as required to complete unfinished business." Prewitt claims that Judge Jones' Order is "violative [sic] of Congress' constitutional prerogative to assign federal judges to specific districts." (Pl.'s Reply 1, ECF NO. 297). However, Judge Jones has the authority to temporarily assign "any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292 (b). Therefore, Prewitt's arguments are without merit.

Prewitt also asserts that the Answer is void, because Mississippi State's attorneys failed to obtain authorization from the Mississippi Attorney General to represent Mississippi State. The Court has previously held that Prewitt lacks standing to raise this issue. (Order 3, ECF No. 224). The Court will not reconsider this prior decision.

Finally, Prewitt once again argues that Mississippi State's Answer filed in the 2010 lawsuit is insufficient, because the Answer stated that certain documents speak for themselves and Mississippi State's affirmative defenses have not given

Prewitt fair notice. The Court has previously held that Mississippi State's Answer is sufficient. (Order, ECF No. 272). Prewitt has not identified any specific affirmative defenses that failed to give her fair notice. The Court has reviewed all of the defenses and finds them to be sufficient. As a result, Prewitt's argument that the Answer is insufficient is without merit.

## CONCLUSION

For the foregoing reasons, the Court finds that Prewitt's Motion for Default Judgment should be denied. Prewitt has previously raised some variation of all of these arguments on multiple occasions, and she has preserved her arguments and objections regarding these issues for appeal. Prewitt is cautioned that if she should raise these arguments regarding Mississippi State's use of private attorneys, the transfer of the case to the undersigned, or the sufficiency of Mississippi State's Answers in future pleadings, the Court may impose sanctions against her and/or her attorney.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Default Judgment [277] filed by Myrtle Lynn Prewitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of May, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE