IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                          **PLAINTIFF**

v.                                         **CAUSE NO. 1:06CV338-LG-DAS**
                                           **CAUSE NO. 1:10CV225-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [273] filed by Mississippi State University. Plaintiff Myrtle Lynn Prewitt claims that Mississippi State discriminated against her on the basis of her race and gender by failing to pay her a competitive salary and appoint her to a tenured position. Mississippi State argues that Prewitt's 2010 Complaint should be treated as an untimely motion to amend the 2006 Complaint. In the alternative, Mississippi State claims that Prewitt's 2010 lawsuit is barred by the statute of limitations. Finally, it argues that, at the very least, Prewitt's Title IX claim has previously been dismissed by the Court, and her Title VII claim concerning denial of tenure is not actionable, because she has never applied for a tenured position. Upon reviewing the pleadings submitted by both parties, the record in this matter, and the applicable law, the Court finds that Prewitt's 2010 lawsuit is time-barred, and Mississippi State is entitled to partial summary judgment.

**BACKGROUND**

Prewitt filed her 2006 lawsuit, Cause Number 1:06cv338-LG-DAS, against Mississippi State on December 13, 2006. Her 2006 Complaint and Amended

Complaint asserted claims pursuant to the Equal Pay Act, Title VII, and Title IX for discrimination on the basis of her sex and her race, African-American. On January 7, 2009, Chief Judge Michael Mills dismissed Prewitt's Title IX claim, holding that it was preempted by Title VII. He also held that some of her Equal Pay Act claims and all of her Title VII claims related to salary disparity were barred by the applicable statute of limitations, but he allowed her Title VII hostile work environment claim to proceed. Prewitt's attempt to raise a retaliation claim was rejected, because she failed to allege such a claim in her Complaint and her Amended Complaint. On April 8, 2010, Judge Mills reinstated some of Prewitt's Title VII claims as a result of the enactment of the Lilly Ledbetter Fair Pay Act of 2009, which extended the statute of limitations period for Title VII salary disparity claims.

Due to confusion and delay caused by Prewitt and her counsel, Judge Mills dismissed the entire 2006 lawsuit on June 17, 2010, without prejudice and stayed all applicable statutes of limitations for ninety days so that Prewitt could refile her lawsuit. Prewitt then filed her 2010 lawsuit, Cause No. 1:10cv225-LG-DAS. In her 2010 Complaint, Prewitt asserted a Title VII claim for salary disparity, a Title IX claim, a Title VII hostile work environment claim, a retaliation claim, and a Title VII claim for failure to provide a tenure or tenure-track position. She alleged disparate treatment claims and disparate impact claims.

Prewitt also appealed the dismissal of her 2006 lawsuit, arguing that the dismissal was, in effect, with prejudice because her 2010 lawsuit was time-barred.

The Fifth Circuit reversed Judge Mills' dismissal and reinstated Prewitt's 2006 lawsuit. In the midst of these events, both cases were transferred to the undersigned. United States Magistrate Judge David A. Sanders consolidated the two lawsuits.

## DISCUSSION

In its Motion for Partial Summary Judgment, Mississippi State asks the Court to treat Prewitt's 2010 Complaint as a motion to amend and to deny that motion to amend. It further seeks summary judgment concerning Prewitt's 2010 lawsuit, claiming that all of the 2010 claims are barred by the statute of limitations. Even if the claims are not time-barred, Mississippi State argues that Prewitt's Title IX and her Title VII claim concerning denial of a tenured position should be dismissed. This Court has previously rejected Prewitt's 2006 Title IX claim, and Prewitt admitted in a Pretrial Order that she never sought a tenured position.

A motion for summary judgment may be filed by any party, asserting that there is no genuine issue of material fact that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25. The non-

movant may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

## I.  Treatment of 2010 Complaint

Mississippi State insists, "As the 2006 Action has been remanded to this Court, Prewitt's Complaint from the 2010 Action should be treated, if it is to be given any consideration at all, as a motion to amend her now-current Amended Complaint from the 2006 Action . . . and, thereafter be denied." (Def.'s Mem. 1, ECF No. 274).  It provides no support for this argument, which is contradicted by Fifth Circuit caselaw and a prior Order entered by this Court.  (Order Denying Pl.'s Mot. for Review, ECF No. 272 (quoting *Harcon Barge Co, Inc. v. D&G Boat Rentals, Inc.*, 746 F.2d 278, 287 (5th Cir. 1984))).  Consolidated lawsuits do not lose their separate identity.  (*Id.*)  All of the claims included in both Prewitt's 2006 Amended Complaint and 2010 Complaint are pending before the Court.  The Court will now consider Mississippi State's alternative arguments for partial summary judgment.

## II.  The Statute of Limitations

Mississippi State argues that judicial estoppel prevents Prewitt from claiming that her 2010 lawsuit is not time-barred, due to arguments she made on appeal.  Judicial estoppel is an equitable remedy designed to prevent a party from asserting a position that is contrary to a position taken previously in the same legal proceeding or an earlier proceeding.  *Reed v. Arlington*, 650 F.3d 571, 573-74 (5th

Cir. 2011); *Hopkins v. Cornerstone Amer.*, 545 F.3d 338, 347 (5th Cir. 2008). The goal of judicial estoppel is to reduce the risk of inconsistent judicial determinations. *Hopkins*, 545 F.3d at 347. When deciding whether to invoke judicial estoppel, courts consider whether: "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Reed*, 650 F.3d at 574.

Prewitt previously argued before the Fifth Circuit that Judge Mills' dismissal of her 2006 lawsuit was, in effect, a dismissal with prejudice, because it rendered all of her claims time-barred. The Fifth Circuit accepted her position, finding that a dismissal with prejudice of the 2006 lawsuit was not warranted due to the heightened standard of review applied to dismissals with prejudice as opposed to dismissals without prejudice. There is no indication that Prewitt acted inadvertently when she argued that any subsequent lawsuit asserting her claims would be time-barred. She chose to take that position in an effort to prevent the Fifth Circuit from affirming Judge Mills' dismissal of the 2006 lawsuit.

Prewitt now contends that the claims asserted in her 2010 lawsuit are not barred. Mississippi State's discriminatory actions are continuing in nature, she claims, due to her continued employment at the University. The Court finds that Prewitt should be estopped from asserting these contrary arguments. This Court will respect the Fifth Circuit's determination that any attempt on the part of Prewitt to file a new lawsuit arising out of the same facts would be time-barred. As

a result, Prewitt's untimely 2010 lawsuit must be dismissed with prejudice. The 2006 lawsuit filed by Prewitt remains pending before this Court.

## CONCLUSION

For the foregoing reasons, the Court finds that Prewitt's 2010 lawsuit is barred by the applicable statute of limitations. Mississippi State is entitled to judgment as a matter of law with regard to the claims asserted in that lawsuit. However, the claims remaining in Prewitt's 2006 lawsuit are still pending before this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [273] filed by Mississippi State University is **GRANTED**. The lawsuit styled *Myrtle Lynn Prewitt v. Mississippi State University*, Cause No. 1:10cv225-LG-DAS is **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the lawsuit styled *Myrtle Lynn Prewitt v. Mississippi State University*, Cause Number 1:06cv338-LG-DAS, remains pending before this Court.

**SO ORDERED AND ADJUDGED** this the 29th day of May, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE