IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                             **PLAINTIFF**

v.                                               **CAUSE NO. 1:06CV338-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                          **DEFENDANT**

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT
AS A MATTER OF LAW UNDER RULE 50(b) AND, IN THE
ALTERNATIVE, MOTION FOR NEW TRIAL**

**BEFORE THE COURT** is the Renewed Motion for Judgment as a Matter of Law, or in the alternative, Motion for New Trial [357] filed by Plaintiff Myrtle Lynn Prewitt with regard to her Equal Pay Act and Title VII claims against Mississippi State University. After a four-day trial in August of 2012, a jury found in favor of Mississippi State as to each of Prewitt's claims. In the present Motion, Prewitt argues: (1) the jury panel did not represent a fair cross section of the population because there was an insufficient number of African Americans; (2) the jury ignored evidence supporting Prewitt's claims; (3) the Special Verdict Form constituted a flawed and confusing second set of jury instructions that contained too many questions regarding Prewitt's Equal Pay Act claims but too few questions concerning her Title VII wage discrimination claim; (4) the Court did not provide the parties with sufficient time to review the proposed instructions and special verdict form; and (5) the Court prevented Prewitt from fully litigating her case. The Court finds that Prewitt's Motion should be denied for the reasons set forth below.

**DISCUSSION**

In her present Motion, Prewitt renews her earlier motion for judgment as a

matter of law. "A motion for judgment as a matter of law (previously, motion for directed verdict or J.N.O.V.) in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Allstate Ins. Co. v. Receivable Fin. Co., LLC*, 501 F.3d 398, 405 (5th Cir. 2007) (citing *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)). Such a motion should be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A court should grant a post-judgment motion for judgment as a matter of law only when "the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004) (citing *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 392 (5th Cir. 2000)).

In the alternative, Prewitt requests a new trial. "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." Fed. R. Civ. P. 59(a)(1). "A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (citing *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985)). "If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great—not merely the greater—weight of the evidence.'" *Scott,* 868 F.2d

at 789 (quoting *Conway v. Chem. Leaman Tank Lines, Inc.,* 610 F.2d 360, 362 (5th Cir. 1980)).  If allegations of prejudice are the basis of the motion, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking a new trial." *Sibley v. Lemarie,* 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distrib., Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179 n.3 (5th Cir. 1979)).

The Court has reviewed Prewitt's Motion and Reply, and finds that she has not met the standards required for relief under Fed. R. Civ. P. 50 and 59.  As for Prewitt's claim that the jury panel did not represent a fair cross section of the community, she was required to establish that (1) the group alleged to be excluded is a "distinctive group" in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) this under-representation is due to systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979).  The Court finds that the first requirement is satisfied, but Prewitt has not satisfied the second and third elements.  "The fair cross section requirement does not guarantee 'jur[ies] of any particular composition.' . . . Rather, it only guarantees that 'the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups." *Paredes v. Quarterman*, 574 F.3d 281, 289 (5th Cir. 2009) (quoting *Taylor*

*v. Louisiana*, 419 U.S. 522, 538 (1975)). Prewitt argues that the exclusion of persons with felony convictions from the list of potential jurors prevents too many African Americans from serving on juries. In support of this argument, she relies on Census data, data from the Mississippi Department of Corrections concerning the race of persons on parole and probation, and an incorrect analysis of the jury panel that appeared at her trial. Prewitt claims that the jury panel at her trial consisted of forty people, while it actually consisted of twenty-five people. Five persons,[1] or twenty percent, on the original panel were African Americans, while Prewitt claims that African Americans compose thirty percent of the population of the Eastern Division of the Northern District of Mississippi. Prewitt has not provided any evidence concerning the racial make-up of other jury panels in the Eastern Division, and the data that she has provided from the Mississippi Department of Corrections does not reflect the number of African Americans who are excluded from the list of eligible jurors due to felony convictions in this Division.

It also should be noted that counsel for Prewitt only asked the jury panel one question during voir dire and did not object to the jury panel or the jury selected by the parties at trial, despite being given multiple opportunities to do so. As a result, the Court finds that Prewitt's objections to the all-Caucasian jury are waived. *See Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 561-62 (5th Cir. 2001) (explaining that a

---

[1] The Court was required to dismiss one of those persons, because he had been convicted of a felony. A second African-American juror was excused due to a medical condition without any objection from Prewitt.

party who fails to make a timely *Batson* or *Edmonson* challenge waives her objection to the racial makeup of the jury).

The Court further rejects Prewitt's argument that the jury ignored evidence that demonstrated that she was paid less for performing the same work as two male employees. Witnesses at trial testified as to many differences between the work performed by Prewitt and the work performed by the male employees. One of the male employees, Hamid Borazjani, performed field work and taught classes at Mississippi State, while Prewitt's work was confined to the laboratory. At trial, Prewitt admitted that she should not be paid as much as Borazjani. According to testimony given at trial, the other male comparator, David Strobel, performed work for industries and the EPA, while Prewitt did not. The evidence at trial also indicated that Strobel and Prewitt held different positions during their employment, due to the fact that Strobel began working in the Forest Products Department before Prewitt. On multiple occasions, when Prewitt was promoted to the position formerly held by Strobel, she was actually paid a higher salary than Strobel had been paid in the same position. Finally, there was testimony that only Strobel was responsible for quality control, managing industrial contracts, equipment maintenance, equipment procurement, and training all employees to use the laboratory equipment.

Prewitt's argument that the Special Verdict Form was flawed and caused confusion for the jury is also without merit. The jury question concerning Prewitt's Title VII wage discrimination claim was derived from the jury question contained in

the Fifth Circuit Pattern Instruction 11.5.1.  Because there are no Fifth Circuit pattern instructions related to Equal Pay Act claims, the Court utilized the special interrogatories to the jury contained in the Eleventh Circuit's Pattern Jury Instruction 1.6.1.  Prewitt does not argue that the jury instructions themselves were inaccurate or confusing.  As a result, the jury was properly instructed as to the elements of Prewitt's claims.

Prewitt's argument that she did not have sufficient time to review the instructions and verdict form contradict her attorney's representations to the Court at trial.  When counsel for Prewitt was asked whether he needed additional time to review the instructions and verdict form, he stated that he did not.  Counsel for Mississippi State did ask for additional time, and the Court granted that request, giving additional time to both parties.

Prewitt's final argument was previously presented to the Court in a Motion [317] filed on May 29, 2012.  The Court once again rejects those arguments for the reasons stated in this Court's Memorandum Opinion and Order [321] entered on May 29, 2012.

## CONCLUSION

For the foregoing reasons, the Court finds that Prewitt is not entitled to judgment as a matter of law or to a new trial.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Renewed Motion for Judgment as a Matter of Law, or in the alternative, Motion for New Trial [357] filed by Plaintiff Myrtle Lynn Prewitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 1st day of October, 2012.

> s/ *Louis Guirola, Jr.*
> LOUIS GUIROLA, JR.
> CHIEF U.S. DISTRICT JUDGE