IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MYRTLE LYNN PREWITT**                                                      **PLAINTIFF**

**v.**                                                         **CAUSE NO. 1:06CV338-LG-DAS**

**MISSISSIPPI STATE UNIVERSITY**                                  **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR THREE-JUDGE PANEL

**BEFORE THE COURT** are the Motion for Reconsideration [364] and the Motion for a Three-Judge Panel [366] filed by Plaintiff Myrtle Lynn Prewitt. In her Motions, Prewitt seeks reconsideration of this Court's Order [362] denying her Motion for Judgment as a Matter of Law or for New Trial, and she requests a three-judge panel. The Court finds that these Motions should be denied.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) Motion should not be used to relitigate matters that should have been argued earlier, or that simply were not resolved to the movant's satisfaction. *Mongrue v. Monsanto Co.*, 249 F.3d 422, 427 (5th Cir. 2001); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued.

Moreover, they cannot be used to argue a case under a new legal theory." *Ross v. Mitchell*, 426 F.3d 745, 763 (5th Cir. 2005).

Prewitt's Motion for Reconsideration repeats numerous arguments that have previously been rejected by this Court. The only new argument presented by Prewitt is her claim that a three-judge panel should be appointed. Prewitt claims that the jury panel in her case did not represent a fair cross-section of the community, because there was an insufficient number of African Americans on the panel. She argues that African Americans are wrongfully excluded from the voter rolls in Mississippi due to the exclusion of persons convicted of certain crimes. The voter rolls are utilized for selecting jury panels in federal court. Prewitt argues that the Mississippi Constitution provides that only those persons convicted of bribery, forgery, and perjury should be excluded from the voter rolls but the State of Mississippi has improperly expanded that list of crimes.

First, it should be noted that Article 12, Section 241 of the Mississippi Constitution provides that persons convicted of the following crimes are not permitted to vote: murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, forgery, embezzlement, and bigamy. Thus, Prewitt's assertions in this regard are incorrect. Second, Prewitt is not entitled to a three-judge panel, because she did not allege in her Amended Complaint that she was denied the right to vote, and she did not challenge the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body. *See* 28 U.S.C. § 2284(a); 42 U.S.C. § 1971(g). Finally, Prewitt's

request for a three-judge panel is untimely. This case has already proceeded to trial, and a jury returned a verdict in favor of the defendant. Moreover, the trial record will confirm that the Plaintiff did not object to the jury selected by the parties, even after the Court invited counsel for the Plaintiff to make such an objection if appropriate.

Prewitt's Motion for Reconsideration is merely an attempt to reassert arguments that have been previously rejected by this Court on numerous occasions. She has also raised a belated request for a three-judge panel after the case has been closed. As a result, Prewitt's Motion for Reconsideration does not meet the standards set forth by Fed. R. Civ. P. 59(e) and must be denied.

## CONCLUSION

For the reasons stated in this Order, the Court finds that Prewitt's Motions should be denied. The parties have fully presented their arguments before this Court, and it is now time for this matter to either conclude or proceed on appeal.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Reconsideration [364] and the Motion for a Three-Judge Panel [366] filed by Plaintiff Myrtle Lynn Prewitt are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE