# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MYRTLE LYNN PREWITT**                                                                 **PLAINTIFF**

**v.**                                                                               **CAUSE NO. 1:06CV338-LG**

**MISSISSIPPI STATE UNIVERSITY**                                    **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION FOR CORRECTION OR MODIFICATION OF THE CASE RECORD

**BEFORE THE COURT** is the Motion for Correction or Modification of the Case Record [377] filed by Myrtle Lynn Prewitt. In her Motion, Prewitt claims that some words spoken by Charles Winfield, counsel for the defendant, and the undersigned were omitted from the trial transcript. She claims that the undersigned used the term "catfight" during the trial, but the term does not appear in the official transcript. Prewitt did not include the omitted words allegedly spoken by Winfield in her Motion. Prewitt also states that some words were improperly highlighted by the court reporter in the transcript. Prewitt asks the Court to order the court reporter to provide copies of any audio materials that recorded the trial and to order the court clerk to provide copies of any original notes and logs made during the trial.

Pursuant to statute, "[t]he transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and

the record confirmed accordingly." Fed. R. App. P. 10(e)(1). The record may be corrected if anything material is omitted. Fed. R. App. P. 10(e)(2).

Apparently, the court reporter explained to plaintiff's counsel prior to the filing of the present Motion, that the court reporter had listened to every second of the trial audio while editing the transcript. While editing the transcript, she never heard the term "catfight." Nevertheless, after the present Motion was filed, the Court instructed the court reporter to once again review the recorded transcript and the audio of the trial to determine whether that term was uttered by anyone during the trial. This includes matters formally on the record and matters off the record that were captured by the audio recording.

The record confirms that the Court did not use the term "catfight" at any time during the trial. Prewitt's recollection, whether the product of mistake or imagination, in that regard is flawed. In fact, a second exhaustive search of the transcript and review of the audio reveals that the term "catfight" was never used by anyone during the trial. What the record does reveal however is that the term "cat" was used three times by plaintiff's counsel. He used the phrase "cat's paw" twice while discussing an argument between the plaintiff and a co-worker. *See* volume 3, page 265 of the transcript at lines 13 and 16. Plaintiff's counsel also used the term "cat's meow" once. *See* volume 5, page 557 of the transcript at line 3. No other person even used the term "cat" during the trial. Finally, the record also shows that the only time the word "fight" or "fighting" was used during trial was during an exchange between plaintiff's counsel and the plaintiff during direct

examination.[1]

The Court has also reviewed the transcript for terms that may have been inappropriately highlighted by the court reporter and found none. Quotations were italicized in certain circumstances, and this was also explained to plaintiff's counsel by the court reporter prior to the filing of the present Motion. The Court finds nothing improper about the court reporter's decision to italicize quotations.

Prewitt has not adequately rebutted the presumption that the transcript is correct, and she also has not demonstrated that the alleged transcript errors are material to her appeal. The Motion is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Correction or Modification of the Case Record [377] filed by Myrtle Lynn Prewitt is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

[1] "Q. Let me as you a question. There's been some talk about a confrontation between you and another staff member, another person at the forest products lab. Is it you inclination to be a person who would rather run away than fight?
A. Yes, I don't like fighting." *See* volume 4, page 364 of the transcript at lines 14-18.